WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Claudia Lopez,<br><br>              Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>              Defendant. | No. CV-20-00118-TUC-LCK<br><br>**ORDER** |

    Plaintiff Claudia Lopez filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). (Doc. 1.) Before the Court are Lopez's Opening Brief, Defendant's Responsive Brief, and Lopez's Reply. (Docs. 16-18.) The parties have consented to Magistrate Judge jurisdiction. (Doc. 11.) Based on the pleadings and the Administrative Record, the Court remands this matter for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

    Lopez filed an application for Supplemental Security Income (SSI) in January 2016 alleging disability from June 1, 2015. (Administrative Record (AR) 660-61.) She was born in November 1973, making her 42 years of age at the filing date of her application. (AR 660.) She had past relevant work at a cannery. (AR 336, 670-71.) Lopez's application was denied upon initial review (AR 570-87) and on reconsideration (AR 588-604).

    A hearing was held on July 23, 2018 (AR 331-62), after which the ALJ found that Lopez was not disabled (AR 15-24). The ALJ determined Lopez had severe impairments

of degenerative joint disease of the knees, plantar fascial fibromatosis, diabetes mellitus, neuropathy, and obesity. (AR 17.) The ALJ concluded Lopez had the Residual Functional Capacity (RFC) to perform light work subject to the following limitations: never climb ladders/ropes/scaffolds; occasionally lifting or carrying 20 pounds, pushing/pulling with left leg, climbing ramps/stairs, balancing, kneeling, crouching, crawling, and being exposed to extreme cold, vibrations, and hazards; frequently lifting or carrying 10 pounds; standing/walking 6 hours in a day; sitting 6 hours in a day; and the option to change positions from seated to standing every 30 minutes. (AR 19.) The ALJ concluded at Step Five, based on the testimony of a vocational expert (VE), that Lopez could perform work that exists in significant numbers in the national economy. (AR 23.) The Appeals Council denied review of the ALJ's decision. (AR 1.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate SSI claims. 20 C.F.R. § 416.920; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; and (2) has a severe physical or mental impairment; and (3) the impairment meets or equals the requirements of a listed impairment; or (4) claimant's RFC precludes her from performing her past work. 20 C.F.R. § 416.920(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. § 416.920(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a

preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Lopez alleges the ALJ committed two errors: (1) the ALJ improperly weighed the opinion of a non-examining State Agency physician, which led to error in the RFC; and (2) the ALJ failed to provide clear and convincing reasons for rejecting her symptom testimony.

**Opinion Testimony & RFC**

Lopez argues that the ALJ's reliance on Dr. Charles Fina's opinion and the corresponding RFC are not based on substantial evidence. On November 30, 2016, Dr. Fina, the State Agency examiner at the reconsideration level, determined Lopez could perform light work with the following limitations: standing/walking 6 hours in a day; sitting 6 or more hours in a day; never climbing ladders/ropes/scaffolds; occasional lifting or carrying 20 pounds, push/pull with left leg, climbing ramps/stairs, balancing, kneeling, crouching, and crawling; frequent lifting or carrying 10 pounds; and avoiding concentrated exposure to extreme cold, vibrations, and hazards. (AR 600-02.) The RFC as found by the ALJ mirrors the findings of Dr. Fina, with the addition of Lopez needing the option to

alternate between sitting and standing every 30 minutes. (AR 19.) In support of his conclusions, Dr. Fina relied upon a February 2016 MRI; the absence of significant osteoarthritis; and the fact that Lopez's doctor, as of March 2016, did not recommend further surgery. (AR 602.) The ALJ gave substantial weight to Dr. Fina's opinion, finding it "consistent with the evidence received subsequent to his review." (AR 22.)

Lopez argues that records generated subsequent to Dr. Fina's review documented substantial differences in her physical condition. She argues that Dr. Fina's opinion was not supported by substantial evidence because it differed substantially from the record as a whole. For these reasons, Lopez argues the RFC requires reconsideration.

Subsequent to Dr. Fina's record review, Lopez's right knee deteriorated substantially. The last record from Dr. Slagis (at Tucson Orthopedic) available to Dr. Fina was for a May 2016 appointment. (AR 591-95 (documenting that records were last received by the Social Security Administration from Tucson Orthopedic on 6/8/16).) As of that time, Dr. Slagis identified only minor knee problems and did not recommend surgery. (AR 893, 1026.) However, July 7th X-rays showed worsening lateral compartment arthritis and a large chondral defect in the trochlear groove. (AR 1217.) In September 2016, Dr. Slagis noted a valgus deformity, bone-on-bone lateral compartment arthritis, and mild to moderate patellofemoral joint arthritis. (AR 1093.) In September and December 2016, Dr. Slagis recorded that Lopez may need a total knee replacement. (AR 1090, 1093.) In April 2017, Dr. Slagis documented a severe valgus malformation, severe progressive arthritis with collapse of lateral compartment, and bone-on-bone consistent with severe arthritis. (AR 1084.) By September 2017, Dr. Slagis found severe right knee arthritis and "very abnormal" valgus malalignment with bone-on-bone and subchondral sclerosis and osteophyte formation. (AR 1080.) The plan was for Lopez to have a knee replacement, but she was required to lose weight before proceeding with surgery. (*Id.*)

A full record review reveals that the ALJ's finding – that Dr. Fina's opinion was consistent with the evidence received in the following eighteen months – is not supported by substantial evidence. Dr. Fina based his opinion on evidence documenting primarily

degenerative changes to Lopez's right knee but no significant osteoarthritis, and a treating doctor's opinion that further surgery was not warranted. In contrast, the subsequent records reveal severe osteoarthritis with bone-on-bone, a severe valgus malalignment, and Lopez's doctor recommending a full knee replacement. Due to the substantial deterioration in Lopez's knee, after Dr. Fina formulated his opinion, the ALJ's adoption of Dr. Fina's opinion as the RFC is not supported by substantial evidence.[1] The ALJ's failure to support the RFC with substantial evidence is error requiring remand.

**Symptom Testimony**

Based on the ALJ's error with respect to the opinion evidence and Lopez's RFC, this matter will be remanded. Because the ALJ necessarily will conduct a new hearing and re-evaluate Lopez's case through each step of the SSI analysis on remand, the Court does not reach the claim regarding symptom testimony. However, the Court highlights one finding relevant to this topic. The ALJ discounted Lopez's symptom testimony because, at the hearing, she stated that she was not on pain medication, "not right now." (AR 344.) Because no follow-up questions were asked, it is unclear what Lopez meant by that answer: that she wasn't on pain medication that day, she wasn't taking prescription (or narcotic) medication, or during the time period leading up to the hearing, she generally did not take anything for pain? Review of the record indicates that Lopez was prescribed acetaminophen-hydrocodone (Vicodin) and/or Tramadol, and other non-narcotic medications, throughout most of 2015-2017. In January 2018 (in the last record provided to the SSA from her primary care provider), a nurse practitioner gave Lopez a 45-day prescription for pain medication. (AR 1149.) And, in June 2018, approximately 6 weeks prior to the hearing, Dr. Slagis provided a one-time prescription for Tramadol. (AR 1209.)

---

[1] In addition to Dr. Fina's opinion, the ALJ found Lopez needed the option to alternate standing and sitting every 30 minutes. (AR 19.) No medical evidence or opinion substantiates this limitation. Lopez testified that she needed to alternate positions every 15-20 minutes, including walking around, elevating her legs, and laying down. The ALJ's finding does not correlate to Lopez's testimony or any other record evidence.

The record evidence leaves Lopez's testimony highly ambiguous. Upon remand, the ALJ should obtain clarity on Lopez's use of pain medication.

## CONCLUSION

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).

Here, Lopez seeks solely a remand for further consideration. The Court finds that is the proper remedy. Remand for an award of benefits is not warranted because it is not evident on the record currently before the Court that Lopez is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (requiring that it be "clear from the record that the ALJ would be required to find the claimant disabled" before applying the credit as true rule and awarding benefits); *Burrell v. Colvin*, 775 F.3d 1133, 1135 (9th Cir. 2014) (remanding for further proceedings based on "serious doubt as to whether Claimant is, in fact, disabled"). Further, given the deterioration in Lopez's knee, if the ALJ finds Lopez disabled, he may need to evaluate at what date the disability began.

Upon remand, the ALJ shall consider the entirety of Lopez's symptom testimony, including her use of pain medication. Further, the ALJ shall reconsider the RFC and obtain a consulting examination if needed.

Accordingly, **IT IS ORDERED** that this case is remanded to the ALJ for a new hearing and further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court should enter judgment and close this case.

Dated this 10th day of September, 2021.

*[signature]*
Honorable Lynnette C. Kimmins
United States Magistrate Judge